UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOHN DEGROAT,

                        Plaintiff,

    -against-

CITY OF NEW YORK, VINCENT AGUILO, Individually,
MICHAEL MCAVOY, Individually, MARK PAQUETTE,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                        Defendants.

------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 3991
(ARR) (MDG)

<u>Jury Trial Demanded</u>

      Plaintiff JOHN DEGROAT, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### **JURISDICTION**

      2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### **VENUE**

      4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff JOHN DEGROAT is a thirty-three year old African American man residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants VINCENT AGUILO, MICHAEL MCAVOY, MARK PAQUETTE, JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On July 20, 2012, at approximately 11:00 a.m., plaintiff JOHN DEGROAT was lawfully present inside 51 Hill Street, Staten Island, New York, when defendant NYPD officers VINCENT AGUILO, MICHAEL MCAVOY, and MARK PAQUETTE, stopped and questioned DEGROAT as to his presence in the building pursuant to a trespass enforcement and/or stop and frisk policy that disproportionately targets persons of color.

13. DEGROAT explained that he was in the building visiting his Aunt, Laverne Powell, who lived in apartment 8h.

14. The defendant officers did nothing to confirm DEGROAT'S lawful presence in the building.

15. The defendant officers instead placed DEGROAT in handcuffs, and searched and arrested him.

16. The defendant officers imprisoned DEGROAT in a police vehicle, and then transported him to the NYPD's 120th precinct station house and imprisoned him therein.

17. The defendant officers imprisoned DEGROAT until July 21, 2012, when DEGROAT was arraigned in Richmond County Criminal Court on baseless charges filed under docket number 2012RI006632; said charges having been filed based on the false allegations of the defendant officers that DEGROAT had purportedly trespassed at 55 Hill Street, Staten Island, New York.

18. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against DEGROAT for collateral objectives, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

19. The defendant officers created and manufactured false evidence against DEGROAT and used same against him in said legal proceeding. Specifically, defendant AGUILO conveyed false sworn allegations to the Richmond County District Attorney's Office that DEGROAT had trespassed at 55 Hill Street and falsely alleged that DEGROAT stated that he "was visiting his grandmother but did not give apartment and said she was not home then [DEGROAT] became irate and refused to give further explanation."

20. Contrary to AGUILO's false allegations, before DEGROAT was arrested by the defendant officers in 51 Hill Street, he had told the officers, in sum and substance, that he was visiting his aunt, Laverne Powell, at 51 Hill Street, Apartment 8h.

21. As a result of the malicious prosecution and manufactured allegations, DEGROAT was compelled to return to court on three dates until January 7, 2013, when all of false charges that the defendants filed against him were dismissed and sealed.

22. Defendants AGUILO, MACAVOY, PAQUETTE, and JOHN and JANE DOE 1 through 10 either directly participated in the above conduct or failed to intervene, despite a reasonable opportunity to do so.

23. Defendant PAQUETTE, who holds the rank of sergeant, supervised defendants AGUILO, MACAVOY, and JOHN and JANE DOE 1 through 10, and directly participated in, oversaw, approved of, and signed off on the arrest of plaintiff.

24. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a practice of falsification, the inadequate screening, hiring, retaining, training, and supervising of its employees, and in particular insufficiently training officers with regard to the investigation of suspected trespassers, due to discrimination against plaintiff based on his race, and via unlawful

trespass enforcement and/or stop and frisk policies, practices and procedures.

25.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the investigation of trespassers and unlawfully arrest individuals who are lawfully present in buildings which they have contracts to patrol, disproportionately stop individuals due to discrimination against them based on their race and/or nationality, that they engage in a practice of falsification to cover up their abuse of authority, and that they engage in unlawful trespass enforcement and/or stop and frisk practices.

26.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

27.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

28.     As a result of the foregoing, plaintiff JOHN DEGROAT sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

**Federal Claims**

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff JOHN DEGROAT, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. As a result of the foregoing, plaintiff JOHN DEGROAT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants arrested plaintiff JOHN DEGROAT without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38.     Defendants caused plaintiff JOHN DEGROAT to be falsely arrested and unlawfully imprisoned.

39.     As a result of the foregoing, plaintiff JOHN DEGROAT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff JOHN DEGROAT.

42.     Defendants caused plaintiff JOHN DEGROAT to be prosecuted without any probable cause until the charges were dismissed on or about January 7, 2013.

43.     As a result of the foregoing, plaintiff JOHN DEGROAT is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants created false evidence against plaintiff JOHN DEGROAT.

46.     Defendants utilized this false evidence against plaintiff JOHN DEGROAT in legal proceedings.

47.     As a result of defendants' creation and use of false evidence, plaintiff JOHN DEGROAT suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

48.     As a result of the foregoing, plaintiff JOHN DEGROAT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants issued criminal process against plaintiff JOHN DEGROAT by causing his arrest and prosecution in Richmond County Criminal Court.

51.     Defendants caused plaintiff JOHN DEGROAT to be arrested and prosecuted in

order to obtain a collateral objective outside the legitimate ends of the legal process, to wit for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and thereby violated plaintiff's right to be free from malicious abuse of process.

52. As a result of the foregoing, plaintiff JOHN DEGROAT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. The defendants falsely arrested, maliciously prosecuted, and deprived plaintiff JOHN DEGROAT of his right to fair trial because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

55. As a result of the foregoing, plaintiff JOHN DEGROAT was deprived of his rights under the Equal Protection Clause of the United States Constitution.

56. As a result of the foregoing, plaintiff JOHN DEGROAT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants had an affirmative duty to intervene on behalf of plaintiff JOHN DEGROAT, whose constitutional rights were being violated in their presence by other officers.

59. The defendants failed to intervene to prevent the unlawful conduct described herein.

60. As a result of the foregoing, plaintiff JOHN DEGROAT'S liberty was restricted for an extended period of time, he was maliciously prosecuted, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

61. As a result of the foregoing, plaintiff JOHN DEGROAT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

64. As a result of the foregoing, plaintiff JOHN DEGROAT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals, and engaging in unconstitutional stop and frisk and/or trespass enforcement policies and practices. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JOHN DEGROAT'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOHN DEGROAT.

69. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by plaintiff JOHN DEGROAT as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOHN DEGROAT as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JOHN DEGROAT was unlawfully arrested, deprived of his right to fair trial, and maliciously issued criminal process.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOHN DEGROAT'S constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiff JOHN DEGROAT of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from malicious prosecution;

    D. To be free from the failure to intervene;

    E. To be free from deprivation of his right to fair trial;

    F. To be free from malicious abuse of process; and

    G. To receive equal protection under law.

74. As a result of the foregoing, plaintiff JOHN DEGROAT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JOHN DEGROAT demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
January 23, 2015

                                        LEVENTHAL & KLEIN, LLP
                                        Attorneys for Plaintiff JOHN DEGROAT
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (718) 722-4100

By: _____
                                        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JOHN DEGROAT,

                                           Plaintiff,

           -against-

CITY OF NEW YORK, VINCENT AGUILO, Individually,
MICHAEL MACAVOY, Individually, MARK PAQUETTE,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                          Defendants.

-------------------------------------------------------------------------X

14 CV 3991
(ARR) (MDG)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100